IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| USHA HALEY | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:03-CV-292 |
| UNIVERSITY OF TENNESSEE- | ) | |
| KNOXVILLE; and JAN WILLIAMS, | ) | |
| in his individual capacity, | ) | |
| | ) | |
|       Defendants. | ) | |
| | ) | |
| | ) | |

## **MEMORANDUM OPINION**

This civil action has been stayed pending resolution by the Tennessee Supreme Court of the certified question submitted to it by this court [doc. 80]. The certified question accepted by the Supreme Court reads:

> Does the withdrawal or voluntary non-suit of a claim filed with the Tennessee Claims Commission, done prior to any action being taken by the Claims Commission, still activate the waiver provision of Tennessee Code Annotated section 9-8-307(b) to require dismissal of a plaintiff's federal and/or state cause of action arising from the same act or omission as the claim before the Claims Commission?

The Tennessee Supreme Court has issued its opinion and held "that the waiver provision of Tennessee Code Annotated section 9-8-307(b) is activated upon filing of the claim, even if the claim is later voluntarily withdrawn or non-suited." In reaching this conclusion, the Court stated:

> [I]n our view, once the claim has been filed and the waiver has been activated, it cannot be "undone." The statute provides that *filing* the claim activates the waiver, regardless of the subsequent disposition of the claim. *See White by Swafford v. Gerbitz*, 860 F.2d 661, 662 (6th Cir. 1988) (holding that section 9-8-307(b) "dictates that" plaintiffs waive cognate federal actions upon "elect[ing] to sue the state before the Tennessee Claims Commission"). Moreover, a voluntary dismissal under the Tennessee Rules of Civil Procedure does not strictly leave the situation as if the claim had never been brought; dismissal activates the one-year time limit of the savings statute, Tennessee Code Annotated section 28-1-105.

*Haley v. Univ. of Tenn.-Knoxville,* No. M2005-00998-SC-R23-CQ, 2006 WL 669341, at *5 (Tenn. March 17, 2006) (emphasis in original).

Defendants have filed a motion to dismiss based on this waiver provision [doc. 25]. In light of the holding by the Tennessee Supreme Court and for the reasons set forth below, defendants' motion to dismiss will be granted, and this case will be dismissed.

I.

Defendant Jan Williams is the Dean of the College of Business Administration at the University of Tennessee ("UT"). Defendant UT hired plaintiff in 2000 as an Associate Professor of Management in the College of Business Administration. Plaintiff was hired to teach both undergraduate and graduate level courses. The position carried with it a three-year probationary period, and consideration for tenure would occur no later than the

2

end of the 2001-2002 academic year. The appointment began on August 1, 2000, and plaintiff taught in both the 2000-2001 and 2001-2002 academic years. In the 2001-2002 academic year, plaintiff applied for tenure and promotion. Plaintiff was denied tenure and promotion on May 28, 2002.

On May 23, 2003, plaintiff filed this civil action for alleged gender and national origin discrimination by UT in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), and for alleged violation by defendant Jan Williams of her constitutional rights to academic freedom, equal protection, and substantive due process pursuant to 42 U.S.C. § 1983. Plaintiff filed a claim with the Tennessee Claims Commission ("TCC") on April 21, 2004, for breach of her contract with UT, seeking monetary damages of "no less than $400,000." Plaintiff also filed a complaint in Knox County Chancery Court, Knoxville, Tennessee for alleged violation of the Tennessee Human Rights Act. The motion to dismiss currently before the court was filed on June 4, 2004, and on July 2, 2004, plaintiff withdrew the claim before the TCC.

II.

Defendants' motion to dismiss seeks dismissal of plaintiff's claims based on the waiver provision of the Tennessee Claims Commission Act, Tennessee Code Annotated section 9-8-307(b), addressed by the Tennessee Supreme Court's certified question decision. That provision states:

3

> Claims against the state filed pursuant to subsection (a) shall operate as a waiver of any cause of action, based on the same act or omission, which the claimant has against any state officer or employee. The waiver is void if the commission determines that the act or omission was not within the scope of the officer's or employee's office or employment.

Tenn. Code Ann. § 9-8-307(a)(3)(b) (Supp. 2003).

The court finds that the claims in this civil action are "based on the same act or omission" as the claim filed in the TCC. In the Claim for Damages form completed by plaintiff for the TCC, she stated the following under the section entitled "Describe the Incident":

> I was denied tenure in the College of Business Administration at the University of Tennessee, Knoxville. Procedures used in the process of denying me tenure were not consistent with the Faculty Handbook and the Manual for Faculty Evaluation in violation of my contract of employment with the University of Tennessee at Knoxville . . . .

On the second page of the Claim for Damages under a heading identified as "Additional information," plaintiff stated, "There are currently two lawsuits pending arising from the denial of tenure to Dr. Haley . . . ." Identifying information about this lawsuit and the case in state court was provided under that heading. In this case, she alleges that UT denied her tenure and promotion on the basis of her gender and national origin (she is Indian). She also contends that the procedures employed in denying her tenure and promotion violated her

4

constitutional rights. The court finds that the underlying cause of action in the TCC and in this case are the same, the denial of tenure to the plaintiff.

In its ruling on the certified question, the Tennessee Supreme Court held that the waiver provision is activated when the claim is filed in the TCC, even if the claim is voluntarily withdrawn or non-suited. Thus, the waiver provision applies here. Authority in this circuit makes clear that the waiver applies to federal causes of action. *White by Swafford v. Gerbitz*, 860 F.2d 661 (6th Cir. 1988). In *Gerbitz*, the Sixth Circuit held:

> We find the applicable Tennessee statute dictates that, where the plaintiff elects to sue the state before the Tennessee Claims Commission, he waives any cognate federal cause of action. Accordingly, we find the district court erred in not dismissing the plaintiff's cause of action.

*Id*. at 662. The waiver applies to claims brought pursuant to Title VII. *Pierce v. Univ. of Tenn.*, No. 01-2940, slip op. (W.D. Tenn. May 15, 2003). It also applies when UT is a defendant. *Mirabella v. Univ. of Tenn.*, 915 F. Supp. 925 (E.D. Tenn. 1994); *Hiefner v. Univ. of Tenn*. 914 F. Supp. 1513 (E.D. Tenn. 1995). In *Hiefner*, this court through Judge Jarvis noted:

> In enacting the Act, the Tennessee General Assembly provided a mechanism by which injured parties could pursue claims against the State of Tennessee for injuries allegedly caused by employees of the State. And, as noted above, because UT is an arm and *alter-ego* of the State of Tennessee, then the Act would be also applicable to UT.

5

*Id.* at 1516. Additionally, the Sixth Circuit has applied the waiver in cases in which state employed defendants were sued in both their personal and official capacities. *Stamps v. Matthews*, No. 97-5332, 1998 WL 57482, at *1 (6th Cir. Feb. 3, 1998).

The court, therefore, concludes that because plaintiff filed a claim with the TCC, the waiver provision in Tenn. Code Ann. section 9-8-307(b) applies, and this case must be dismissed. An order reflecting this opinion will be entered.

ENTER:

                                                s/ Leon Jordan
                                        United States District Judge

.